IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| HAROLD G. MALCOM, | : |
| Plaintiff | : |
| VS. | : |
| | :    3 : 03-CV-102 (CDL) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The above-styled Social Security appeal is presently before the court on the plaintiff's motion for attorney's fees. On August 19, 2005, the Honorable Clay D. Land, the United States District Judge to whom this matter is assigned, remanded the Commissioner's decision pursuant to Sentence Four of 42 U.S.C. § 405(g). Judgment was entered accordingly that same day. The plaintiff has now filed a motion for attorney's fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act ("EAJA"). Plaintiff seeks $8064.07 in attorney's fees and $172.00 in costs.

DISCUSSION

The Equal Access to Justice Act ("EAJA"), as codified at 28 U.S.C. § 2412(d)(1)(A), provides that "a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Subsection (d)(2)(A) further provides that awards of attorney's fees shall be based on prevailing

market rates for comparable services, but that fees in excess of $75 per hour shall not be awarded, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  Thus, as prerequisites for the award of attorney's fees, the EAJA provisions require that the moving party prevailed on his substantive claim, that the Commissioner's position was not substantially justified, and that no special circumstances make an award unjust.  <u>Comm'r, I.N.S. v. Jean</u>, 110 S.Ct. 2316, 2319 (1990).  The only aspect of these prerequisites contested by the Commissioner is whether her position was  substantially justified.

*Substantially justified*

Plaintiff argues that the Commissioner's position was not substantially justified, in that there was no reasonable basis in law or fact for the Commissioner's position and in that the Commissioner failed to comply with the governing law.  The Commissioner argues that case law from the Eleventh and Sixth Circuits provides a reasonable basis for her position.

"[I]f the claimant is a prevailing party who timely filed an EAJA fee application, then the claimant is entitled to receive attorney's fees unless the government can establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees.  If the district court concludes that the government's positions were 'substantially justified' – i.e., all of the government's arguments possessed a 'reasonable basis both in law and fact' – then, notwithstanding the fact that the claimant ultimately prevailed in the litigation, the claimant is not entitled to receive attorney's fees. <u>Myers v. Sullivan</u>, 916 F.2d 659, 666 (11th Cir. 1990) (internal citations omitted).

In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1984), the Supreme Court held that a position is

"substantially justified" if it is "justified to a degree that could satisfy a reasonable person", a standard equivalent to that of a "reasonable basis both in law and fact" previously utilized by lower courts. Id. at 565. "The fact that the government lost its case does not raise a presumption that the government's position was not substantially justified. Nor is the government required to establish that its decision to litigate was based on a substantial probability of prevailing." White v. United States, 740 F.2d 836, 839 (11th Cir. 1984) (internal citations omitted). "The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. Indeed, 'Congress did not . . . want the substantially justified standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case.'" Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations omitted).

In the recommendation underlying the final order remanding this matter to the Commissioner, the undersigned found that at Step Two of the sequential evaluation process, the ALJ applied the severity standard strictly as it is set out in the Regulations, and that his determination that plaintiff's knee impairment could not be considered "severe" resulted from an incorrect application of the governing standard of severity and was not supported by substantial evidence. The Commissioner argued in opposition to these findings, and continues to argue, that the ALJ applied the correct legal standard at Step Two, that the ALJ correctly found that the plaintiff's knee impairment was not severe, and that the ALJ properly considered any limitations resulting from plaintiff's knee pain.

The plaintiff filed his application for disability benefits in July 2001, alleging disability since July 1, 2000, due to knee problems and carpal tunnel syndrome. His applications were

denied initially and upon reconsideration, with the ALJ determining that although the plaintiff's severe impairments of bilateral carpal tunnel syndrome and obesity prevented his return to his past relevant work, he remained capable of performing a significant range of light work. In finding that the plaintiff's knee impairment was not severe under the regulations, the ALJ stated that "[a] medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities" and concluded that "that his knee pain does not significantly limit his physical or mental ability to do basic work activities." The undersigned found that the proper application of Step Two of the sequential evaluation process was set forth by the Eleventh Circuit in Brady v. Heckler, 724 F.2d 914 (11th Cir. 1984), and mandated that the ALJ consider whether plaintiff's knee condition was "not so slight and its effect is not so minimal", rather than limiting his analysis to whether the knee condition "significantly limits his physical or mental ability to do basic work activities".

    In his testimony before the ALJ, the plaintiff stated that his knee will "lock up. . . . I can sit and elevate it, and it, and it gets better, and then I have to get up and walk around because just keeping it in one position it gets tight, and it, and it's hard to, hard to move it." R. at 43. The plaintiff further testified that he could walk maybe an hour at one time and would then have to "sit down for a while, or sit down and, and elevate it to, to get it to where it would, it would quit hurting." Id. Plaintiff testified that he had to elevate his leg every day and that the pain he experienced in his knee was on par with the pain he experienced in his hands. R. at 44. Testimony from plaintiff's friend confirmed that plaintiff's "knee swells up a lot. He, when he first gets up he can't hardly stand up, he has to brace himself when he first gets up because it's, it locks up on him. . . . he can't walk very far at all." R. at 58. The treatment notes in the record

that pertain to plaintiff's knee show that he underwent arthroscopic surgery for a torn medial meniscus in October 1987, and returned in October 2001 complaining of continued knee pain and the knee "locking up". He was diagnosed with osteoarthritis with degenerative changes in his knee. R. at 226. Plaintiff's treating physician also noted that plaintiff suffered from a "varus" knee, or one with an abnormal inward turning of the bone(s). R. at 226. The court noted that the ALJ herein did not simply find certain impairments to be "severe" and proceed with a proper evaluation of all of plaintiff's impairments. Rather, the ALJ set out specific reasons for finding the plaintiff's knee impairment to be not severe, reasons which were not supported by substantial evidence and reflected an incorrect application of the governing standard of severity. Moreover, after discussing the plaintiff's subjective accounts of pain and limitation associated with his knee, but without providing any specific reason for discrediting these accounts, the ALJ concluded in regard to plaintiff's residual functional capacity that "there is no evidence of any condition that presently affects his ability to stand and walk." R. at 20. In making credibility determinations regarding a claimant's accounts of pain and other symptoms, the ALJ may not reject a claimant's subjective accounts without providing explicit reasons for doing so. MacGregor v. Bowen, 786 F.2d 1050 (11th Cir. 1986); Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

     In an effort to establish that her positions in opposition to plaintiff's claim were substantially justified, the Commissioner argues initially that the ALJ's finding at Step Two was supported by substantial evidence. The Commissioner relies on case law from the Sixth and Eleventh Circuits indicating that any finding of a severe impairment is enough to satisfy the requirements of Step Two. Additionally, the Commissioner argues that the ALJ applied the

correct legal standard at Step Two, and that the ALJ was not required to state the *Brady* interpretation of the severity standard in making his findings.  Finally, the Commissioner argues that she reasonably argued that plaintiff's knee impairment was not severe, and that any limitations were included in the ALJ's residual functional capacity findings.  The Commissioner continues to argue that little medical evidence supported plaintiff's claims and that the plaintiff received little medical treatment for his alleged condition and pain.

However, as found by the undersigned in the recommendation underlying the order for reversal and remand, the ALJ clearly applied a severity standard rejected by the Eleventh Circuit in Brady v. Heckler, set out specific reasons not supported by substantial evidence for finding plaintiff's knee impairment "not severe", and did not include limitations related to plaintiff's knee condition in his findings on plaintiff's residual functional capacity.  Given the combination of these errors, the undersigned cannot find that the Commissioner's positions and arguments in support of the ALJ's findings were "justified to a degree that could satisfy a reasonable person".

Faced with a similar application for EAJA fees for a claim based on the Secretary's application of the more stringent severity standard relied on by the ALJ herein, a higher standard than that set forth in Brady, the Eleventh Circuit found that the

> [w]hile an agency's interpretation and application of its own regulation is entitled to great weight, the application of a threshold severity regulation that is greater than de minimis is invalid under the terms of sections 205 et seq. of the Social Security Act.  An overly stringent interpretation of the threshold severity requirement violates the statutory standard for disability by precluding an administrative determination of the crucial statutory question: Whether, in fact, the impairment prevents the claimant from working, given the claimant's age, education, and experience.

Stratton v. Bowen, 827 F.2d 1447, 1453 (11th Cir. 1987).

6

The undersigned finds that the Commissioner's positions herein were not reasonably based in law and fact.  Accordingly, it is the recommendation of the undersigned that the plaintiff's Motion for Attorney's Fees be **GRANTED**, based on a finding that the government's positions herein were not substantially justified.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 3rd day of May, 2006.

      /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE